NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3100

ODIS L. DAUGHRITY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: December 10, 2004

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Odis L. Daughrity petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Daughrity v. United States Postal Serv., No. AT-3443-03-0325-I-1 (M.S.P.B. Oct. 31, 2003). We affirm.

## BACKGROUND

Daughrity, a former postal worker, applied for a position at the United States Postal Service ("USPS"). When the USPS subsequently notified Daughrity that he had been removed from all of its hiring registers, Daughrity appealed his nonselection for a position to the Board. An administrative judge ("AJ") dismissed Daughrity's appeal for

lack of jurisdiction, on the basis that nonselection for a position was not directly appealable to the Board. Daughrity appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b) (2004).

Daughrity appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Middleton v. Dep't of Def., 185 F.3d 1374, 1379 (Fed. Cir. 1999). The Board's jurisdiction is not plenary; it is limited to adverse personnel actions expressly made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000). We agree with the Board that nonselection for employment is not a matter within its appellate jurisdiction. See 5 U.S.C. § 7512 (2000).

Statutory prescriptions notwithstanding, Daughrity has not met his burden of establishing jurisdiction. See Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999). There is no indication in the record of the reasons for his removal from the hiring register. Also, his citation of the Drug Abuse Office and Treatment Act of 1972, Pub. L. No. 92-255, 86 Stat. 65 (1972) and USPS Handbook EL-312 on "Employment and Placement" is unavailing as neither provides a basis for conferring jurisdiction on the Board over an appeal for nonselection.

Accordingly, we discern no error in the Board's determination that it lacked jurisdiction to review Daughrity's nonselection for employment, and therefore affirm.

04-3100                                    2